U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

for the

Southern District of Georgia  ▾

**DEC 1 2025**

_____ Division

**FILED**

Janice Ramirez

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.   CV125--261 _____

*(to be filled in by the Clerk's Office)*

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Dr. Caroline Sullivan et al

Jury Trial: *(check one)* ☑Yes ☐No

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

Amended

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Janice Ramirez |
| Address | 6018 Sanibel |
| | Augusta           GA           30909 |
| | *City*          *State*          *Zip Code* |
| County | Richmond |
| Telephone Number | 706-414-7885 |
| E-Mail Address | Ramirez.janice.0608@gmail.com |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Dr. Gertrude Tinker Sachs |
| Job or Title *(if known)* | Field Placement Coodinator |
| Address | 30 Pryor Street SW |
| | Atlanta          GA          30303 |
| | *City*          *State*          *Zip Code* |
| County | Fulton |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☑ Individual capacity          ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Tyanne Pethel |
| Job or Title *(if known)* | Field Placement Coordinator |
| Address | 30 Pryor Street SW |
| | Atlanta          GA          30303 |
| | *City*          *State*          *Zip Code* |
| County | |
| Telephone Number | 404-413-8152 |
| E-Mail Address *(if known)* | |

☑ Individual capacity          ☑ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | Caroline Sullivan |
| Job or Title *(if known)* | Clinical Professor--Program Director |
| Address | 30 Pryor Street SW |
| | Atlanta      GA      30303 |
| | *City*      *State*      *Zip Code* |
| County | Fulton |
| Telephone Number | 404-413-404 |
| E-Mail Address *(if known)* | ccsullivan@gsu.edu |

☑ Individual capacity     ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |
| | *City*      *State*      *Zip Code* |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☑ Individual capacity     ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
Plaintiff asserts violations of the First and Fourteenth Amendments to the United States Constitution, including (1) retaliation for protected speech, (2) deprivation of liberty and property interests without due process of law, (3) fabrication of evidence, (4) stigma-plus reputational harm, and (5) violation of clearly established rights to fair academic and disciplinary procedures. These violations are actionable under 42 U.S.C. § 1983. (See attached)

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See attached

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  Where did the events giving rise to your claim(s) occur?
The events occurred while Plaintiff was participating remotely in Georgia State University' s online ESOL MAT program from her home in Augusta, Georgia. All adverse academic and disciplinary actions were carried out by GSU officials through email, online platforms, and virtual program processes. Additional events occurred within Plaintiff' s assigned student-teaching placement in the partnered school district in Augusta, Georgia

B.  What date and approximate time did the events giving rise to your claim(s) occur?
see attached

C.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attached

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

As a result of Defendants' actions, Plaintiff suffered the following injuries:

Loss of her student-teaching placement, which prevented her from completing required program competencies.

Dismissal from the ESOL MAT program, which ended her ability to continue toward teacher licensure.

Damage to her academic and professional record, including the placement of misleading and harmful information that has affected future educational and employment opportunities.

Emotional distress, anxiety, and humiliation resulting from being dismissed without notice, without a hearing, and without an opportunity to respond.

Loss of time, tuition, program costs, and progress toward her graduate degree and teaching career.

Continuing reputational harm due to GSU' s statements blaming the district for actions that were taken by GSU officials.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.
Plaintiff respectfully requests the following relief:

Compensatory damages for the harm caused by Defendants' actions, including emotional distress, loss of educational opportunities, loss of tuition and program costs, and damage to Plaintiff' s professional and academic reputation.

Punitive damages against the individual-capacity defendants for their intentional and retaliatory conduct.

A declaration that Defendants' actions violated Plaintiff' s rights under the United States Constitution.

Expungement or removal of all negative or harmful information in Plaintiff' s academic record relating to the November 2023 dismissal.

Reinstatement to the ESOL MAT program under conditions that are free from retaliation, discrimination, and unfair treatment.

An order requiring Georgia State University officials to provide Plaintiff with a fair process before taking any future adverse academic action. *(See attached)*

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    11/20/2025

Signature of Plaintiff

Printed Name of Plaintiff    Janice Ramirez

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

JANICE RAMIREZ

V.                                        Case No.   C V 125-261

CAROLINE SULLIVAN   et al


**Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner) continued:**

II B.  (continued) Monell Liability, Substantive Due Process, Procedural Due Process

II D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under Bivens, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## SECTION 1983 – HOW EACH DEFENDANT ACTED UNDER COLOR OF STATE LAW (Four Defendants: Pethel, Sullivan, and Tinker-Sachs)

All defendants acted under color of state law because they were employees or officials of Georgia State University, a public institution created by the State of Georgia and governed by the Board of Regents.

1.   Defendant Tyanne Pethel

Pethel acted under color of state law by performing her official duties as a Field Placement Coordinator for Georgia State University, exercising state-delegated authority in making placement, supervision, and disciplinary decisions affecting Plaintiff's academic status.

2.  Defendant Caroline Sullivan

Sullivan acted under color of state law in her role as Program Director within the College of Education. She exercised authority granted by the State of Georgia to make decisions concerning Plaintiff's enrollment, evaluations, field placements, program standing, and dismissal.

3.  Defendant Dr. Tinker-Sachs

Dr. Tinker-Sachs acted under color of state law in her capacity as Department Chair for the Department of Middle and Secondary Education. She used state-conferred authority to supervise faculty, enforce program standards, direct academic decisions, and approve or ratify Plaintiff's removal from her student teaching placement and dismissal from the program.

III B. The events occurred throughout Fall 2022 to November 2023, including:

- Fall 2022: Dr. Caroline Sullivan locked Plaintiff out of courses and administratively withdrew plaintiff from courses because GSU had failed to assign Plaintiff a student teaching or practicum placement as required by the GaPSC (Georgia Professional Standards Commission).

- Late October 2023 – Plaintiff raised concerns to GSU officials and her University Coach through email and virtual communication.
- November 1–2, 2023 – Plaintiff visited the local district office in Augusta to obtain translated attendance notices that front office staff at Bayvale requested and scheduled a meeting with district employee Jessica Castro.

• November 3, 2023 (morning) – Plaintiff was removed from her student-teaching placement and dismissed from the program without notice or hearing.

• November 13, 2023 (mid-morning) – Plaintiff attended a virtual meeting and was informed her dismissal had already been decided on November 3.

III C. Plaintiff was enrolled in Georgia State University's online ESOL MAT program while living in Augusta, Georgia. Her student-teaching placement was assigned in a partnered school district in Augusta. All communication with GSU personnel occurred by email, virtual platforms, or phone because Plaintiff never attended classes on campus.

Fall 2022—Plaintiff filed internal complaints related to Drs. Sullivan and Tinker-Sach administratively withdrawal.

In or around February 2023, Plaintiff submitted formal complaints to the U.S. Department of Education's Federal Student Aid Office, reporting that Georgia State University had unlawfully denied access to courses that had been paid for through federally funded financial aid.

Fall 2023—Plaintiff's assigned mentor teacher was Ms. Caracter. Throughout November 2023, Plaintiff experienced ongoing problems with the placement, including lack of support from Caracter, incomplete evaluations, missing required sections on evaluation forms, and conduct that interfered with Plaintiff's ability to demonstrate required competencies. Plaintiff reported these concerns only to her University Coach, Dr. Williams, who acknowledged receiving the information.

Around November 1–2, 2023, Plaintiff went to the local school district office in Augusta to obtain translated attendance notices for ESL students and scheduled a meeting with district

employee Jessica Castro to discuss problems related to her placement and concerns that she was experiencing retaliatory treatment.

Within days of Plaintiff scheduling that meeting, on the morning of November 3, 2023, Defendant Tyanne Pethel removed Plaintiff from her student-teaching placement without notice, without providing reasons, and without giving Plaintiff an opportunity to respond. That same day, Defendants Caroline Sullivan and Dr. Tinker-Sachs decided Plaintiff would be dismissed from the ESOL MAT program. Plaintiff had not been informed of any concerns related to her placement in Richmond County Schools before this date.

On November 13, 2023, Plaintiff attended a virtual meeting with Defendants Sullivan, Tinker-Sachs and Delevan. Plaintiff was told her dismissal had already been finalized on November 3 for "professional conduct." False and stigmatizing "unprofessional conduct" statements were made to Richmond County Board of Education and within GSU. No hearing occurred, no evidence was presented, and Plaintiff was not allowed to respond or challenge the decision. During and after this meeting, GSU officials stated that the dismissal was the "district's decision," even though the district asserted it had not removed Plaintiff and no district administrator had informed Plaintiff of any performance issues. GSU officials had ample time to deliberate, demonstrating deliberate indifference, not academic discretion.

As a result of Defendants' actions, Plaintiff lost her placement, was dismissed from the program without notice or hearing, suffered harm to her academic record and professional reputation, and was prevented from continuing toward teacher licensure. GSU deprived Plaintiff of her property and liberty interests in continued enrollment and professional reputation. Plaintiff's dismissal

was arbitrary, retaliatory, and conscience-shocking, violating fundamental fairness. GSU ignored established procedures in its own Field Experience Handbook and the USG Policy Manual 4.6.5.

V. Relief (Continued)

I also request actual damages in the amount of $1,000,000 for loss of educational opportunity, compensatory damages including tuition reimbursement for fall 2022 blocked courses, lost earning capacity, emotional distress, and harm to my academic and professional reputation. I request punitive damages in the amount of $1,000,000 for the intentional and retaliatory actions of the individual defendants and reckless disregard of constitutional rights. I request any further equitable relief the Court deems just and proper.