**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**AUGUSTA DIVISION**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

JUL 22 2026

FILED

JANICE RAMIREZ

Plaintiff

v.                                                                Civil Action NO.

**1:25-cv-00261**

DR. GERTRUDE TINKER SACHS, et al.

Defendant

## PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS TINKER-SACHS AND PETHEL'S MOTION FOR JUDGMENT ON THE PLEADINGS

**A. Defendants Conflate Plaintiff's Knowledge of Defendants' Positions with Knowledge of Their Alleged Constitutional Misconduct.**

Defendants' Reply repeatedly argues that Plaintiff's claims accrued no later than November 3, 13, or 14, 2023, because Plaintiff knew Defendant Pethel served as Director of Field Experiences, communicated with Defendant Pethel regarding field placement, attended a November 13, 2023 meeting with Defendant Tinker-Sachs, and received a November 14, 2023 dismissal letter signed by Defendant Tinker-Sachs. Defs.' Reply Supp. Mot. J. Pleadings 1–7 (Doc. 40). From those allegations, Defendants conclude that Plaintiff necessarily knew both "who inflicted the injury" and possessed sufficient knowledge for her claims to accrue. Id. at 2–7. That conclusion does not follow from the face of the Third Amended Complaint.

The Supreme Court has long held that the accrual date of a federal civil rights claim is governed by federal law and begins when the plaintiff has a complete and present cause of action. Wallace v. Kato, 549 U.S. 384, 388 (2007) (holding that accrual occurs when the plaintiff

1

has a complete and present cause of action). Likewise, the Eleventh Circuit has explained that a claim accrues when the plaintiff knows or has reason to know of both the injury and the person who inflicted it. Rozar v. Mullis, 85 F.3d 556, 561–62 (11th Cir. 1996). Neither decision holds that a plaintiff's knowledge of an individual's administrative position or participation in communications necessarily establishes, as a matter of law, knowledge of that individual's alleged unconstitutional conduct.

Instead, Defendants ask the Court to infer from the Third Amended Complaint that Plaintiff's knowledge of Defendant Pethel's administrative responsibilities and Defendant Tinker-Sachs' communications necessarily established Plaintiff's knowledge of each Defendant's alleged personal participation in the constitutional violations asserted in this action. Defs.' Reply Supp. Mot. J. Pleadings 2–7 (Doc. 40). Whether those allegations establish such knowledge is itself a factual question that cannot be resolved by drawing inferences against the nonmovant on a Rule 12(c) motion.

Rule 12(c) requires precisely the opposite approach. The Supreme Court has instructed that, at the pleading stage, courts must accept well-pleaded factual allegations as true and construe them in the plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The Eleventh Circuit likewise holds that, in ruling on a Rule 12(c) motion, the court must accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. Newbauer v. Carnival Corp., 26 F.4th 931, 934 (11th Cir. 2022). Defendants' argument depends upon drawing the opposite inference—that Plaintiff necessarily possessed sufficient knowledge to trigger accrual merely because she knew Defendants occupied certain

2

roles within the MAT-ESOL program. The Court may not resolve that factual inference in Defendants' favor on the pleadings.

Moreover, Defendants' argument impermissibly transforms factual allegations describing Defendants' positions and communications into judicial admissions establishing the accrual date as a matter of law. The Third Amended Complaint alleges that Defendant Pethel coordinated field placements and that Defendant Tinker-Sachs communicated Plaintiff's dismissal. Defs.' Reply Supp. Mot. J. Pleadings 2–7 (Doc. 40) (summarizing allegations from the Third Amended Complaint). Those allegations identify the factual background of Plaintiff's claims; they do not concede that Plaintiff knew, by November 2023, the factual basis for each Defendant's alleged personal participation in the constitutional violations alleged in the Third Amended Complaint. Because Defendants' statute-of-limitations defense depends upon factual inferences rather than admissions appearing on the face of the complaint, judgment on the pleadings is improper. Jones v. Bock, 549 U.S. 199, 215 (2007) (holding that plaintiffs ordinarily need not plead around affirmative defenses); La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (holding that dismissal based on a statute of limitations is appropriate only when the defense is apparent from the face of the complaint); Isaiah v. JPMorgan Chase Bank, N.A., 960 F.3d 1296, 1304 (11th Cir. 2020) (affirmative defenses generally cannot support dismissal unless their applicability is apparent from the face of the complaint).

**B. Defendants Misstate the Governing Rule 12(c) Standard.**

Defendants devote their Reply to arguing that the Third Amended Complaint fails to overcome the statute of limitations because Plaintiff allegedly knew of her injury and knew Defendants Tinker-Sachs and Pethel were involved by November 3, 13, or 14, 2023. Defs.' Reply

Supp. Mot. J. Pleadings 1–7 (Doc. 40). In doing so, Defendants rely upon general pleading principles while overlooking the distinct Rule 12(c) standard governing affirmative defenses.

The Supreme Court has made clear that an affirmative defense ordinarily is not a pleading requirement imposed upon a plaintiff. *Jones v. Bock*, 549 U.S. 199, 215 (2007) (holding that plaintiffs ordinarily need not anticipate or negate affirmative defenses in their complaints). Accordingly, where a defendant seeks dismissal based upon a statute of limitations, the dispositive inquiry is not whether the complaint plausibly alleges a claim for relief under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rather, the question is whether the complaint itself establishes every fact necessary to sustain the affirmative defense. *Jones*, 549 U.S. at 215.

The Eleventh Circuit applies that principle in the Rule 12(c) context. A complaint may be dismissed on statute-of-limitations grounds only when the defense is apparent from the face of the complaint. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (holding that dismissal is appropriate only when it is apparent from the face of the complaint that the claim is time-barred). Likewise, in reviewing a motion for judgment on the pleadings, the Court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022). Consistent with those principles, the Eleventh Circuit has reiterated that affirmative defenses generally cannot support dismissal unless their applicability is apparent from the face of the complaint itself. *Isaiah v. JPMorgan Chase Bank, N.A.*, 960 F.3d 1296, 1304 (11th Cir. 2020).

Defendants' Reply does not satisfy that standard. Rather than identify admissions within the Third Amended Complaint conclusively establishing the accrual date, Defendants ask the Court to infer that Plaintiff's knowledge of Defendants' administrative positions, participation in communications, and institutional responsibilities necessarily established Plaintiff's knowledge of the factual basis for her constitutional claims. Defs.' Reply Supp. Mot. J. Pleadings 2–7 (Doc. 40). Those are factual inferences, not concessions appearing on the face of the pleading. Whether those allegations establish when Plaintiff knew or reasonably should have known the factual basis for her claims presents a factual question that cannot be resolved against Plaintiff on a Rule 12(c) motion. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (requiring courts to accept well-pleaded factual allegations as true at the pleading stage); *Newbauer*, 26 F.4th at 934.

Moreover, Defendants' own Reply demonstrates why judgment on the pleadings is inappropriate. Defendants first contend that Plaintiff's exhibits are outside the pleadings and "should not be considered." Defs.' Reply Supp. Mot. J. Pleadings 3 (Doc. 40). They then devote the remainder of their Reply to relying on those same exhibits to establish Plaintiff's knowledge, infer the accrual date, and resolve disputed factual issues concerning Defendants' alleged involvement. *Id.* at 3–7. Having acknowledged that those materials fall outside the pleadings, Defendants cannot simultaneously rely upon them to establish an affirmative defense as a matter of law on a Rule 12(c) motion. See *Jones*, 549 U.S. at 215; *La Grasta*, 358 F.3d at 845.

Accordingly, the issue before the Court is not whether Plaintiff has pleaded plausible constitutional claims under *Twombly* and *Iqbal*. The dispositive question is whether Defendants have established, solely from the face of the Third Amended Complaint and without resort to disputed factual inferences or materials outside the pleadings, that Plaintiff's claims against

Defendants Tinker-Sachs and Pethel are untimely. Because Defendants have not done so, their Motion for Judgment on the Pleadings must be denied. *Jones*, 549 U.S. at 215; *La Grasta*, 358 F. 3d at 845; *Isaiah*, 960 F.3d at 1304.

**C. Defendants Do Not Establish, from the Face of the Third Amended Complaint, That Plaintiff's Claims Against Defendant Tinker-Sachs Accrued No Later Than November 14, 2023.**

Defendants contend that the Third Amended Complaint conclusively establishes Plaintiff's claims against Defendant Tinker-Sachs accrued no later than November 13 or 14, 2023, because Plaintiff attended a November 13, 2023 meeting with Defendant Tinker-Sachs and subsequently received a November 14, 2023 dismissal letter signed by Defendant Tinker-Sachs. Defs.' Reply Supp. Mot. J. Pleadings 3–4 (Doc. 40). Defendants therefore assert that "[t]here is no question from the face of the pleadings that Plaintiff knew that Defendant Tinker Sachs was responsible for the injury she complains of at least as of November 13, 2023." *Id*. at 3. That assertion is not a factual allegation contained in the Third Amended Complaint. It is Defendants' characterization of the pleading and the precise factual inference they ask this Court to adopt.

The Third Amended Complaint alleges that Defendant Tinker-Sachs met with Plaintiff on November 13, 2023, communicated the University's decision concerning Plaintiff's field placement, and authored the November 14, 2023 dismissal letter. Defs.' Reply Supp. Mot. J. Pleadings 3–4 (Doc. 40) (summarizing the Third Amended Complaint). Those allegations establish only that Defendant Tinker-Sachs communicated the University's decision. They do not establish, as a matter of law, that Plaintiff thereby possessed a complete and present constitutional cause of action against Defendant Tinker-Sachs or knew the factual basis for

6

Defendant Tinker-Sachs' alleged personal participation in the constitutional violations asserted in this action.

The Supreme Court has held that a federal civil-rights claim accrues only when the plaintiff possesses a "complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Likewise, the Eleventh Circuit has explained that accrual generally occurs when the plaintiff knows or has reason to know of both the injury and the person who inflicted it. *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996). Neither decision holds that an official's communication of an institutional decision, standing alone, establishes as a matter of law that the plaintiff knew the factual basis for that official's alleged constitutional liability.

Instead, Defendants ask this Court to infer that because Defendant Tinker-Sachs conveyed the University's decision and signed the dismissal letter, Plaintiff necessarily knew **Defendant Tinker-Sachs' alleged personal participation in the constitutional violations** alleged in the Third Amended Complaint. Defs.' Reply Supp. Mot. J. Pleadings 3–4 (Doc. 40). The Third Amended Complaint contains no such admission. Whether Plaintiff reasonably understood Defendant Tinker-Sachs merely to be communicating an institutional decision or instead understood Defendant Tinker-Sachs to have personally participated in the alleged constitutional misconduct presents a factual question that cannot be resolved by drawing inferences against Plaintiff on a Rule 12(c) motion.

Rule 12(c) requires the opposite approach. The Supreme Court has instructed that courts must accept well-pleaded factual allegations as true at the pleading stage. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The Eleventh Circuit likewise requires courts reviewing a Rule 12(c) motion to construe the complaint in the light most favorable to the nonmoving party

7

and draw all reasonable inferences in that party's favor. *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022). Defendants' argument depends upon drawing the opposite inference by converting allegations that Defendant Tinker-Sachs communicated the University's decision into a judicial admission that Defendant Tinker-Sachs personally caused the constitutional injury. Rule 12(c) does not permit the Court to resolve that factual inference in Defendants' favor.

Nor can Defendants satisfy their burden by characterizing their inference as undisputed. Because the statute of limitations is an affirmative defense, Defendants must establish that the defense is apparent from the face of the Third Amended Complaint. *Jones v. Bock*, 549 U.S. 199, 215 (2007) (holding that plaintiffs ordinarily need not plead around affirmative defenses); *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (holding that dismissal on statute-of-limitations grounds is appropriate only where the defense is apparent from the face of the complaint); *Isaiah v. JPMorgan Chase Bank, N.A.*, 960 F.3d 1296, 1304 (11th Cir. 2020) (affirmative defenses generally cannot support dismissal unless their applicability is apparent from the face of the complaint). Because Defendants' statute-of-limitations defense depends upon disputed factual inferences—not admissions appearing on the face of the Third Amended Complaint—judgment on the pleadings must be denied.

## D. Defendants Do Not Establish, from the Face of the Third Amended Complaint, That Plaintiff's Claims Against Defendant Pethel Accrued No Later Than November 2023.

Defendants likewise fail to establish, from the face of the Third Amended Complaint, that Plaintiff's claims against Defendant Pethel accrued no later than November 2023. Defendants rely upon allegations that Defendant Pethel served as Director of Field Experiences, coordinated field placements, communicated with Plaintiff before the Fall 2023 semester, and exercised administrative authority over field placement assignments. Defs.' Reply Supp. Mot. J. Pleadings

8

4–7 (Doc. 40). From those allegations, Defendants conclude that Plaintiff "knew or at least should have known that Defendant Pethel would have been involved" in Plaintiff's removal from her assigned placement and therefore possessed sufficient knowledge for her claims to accrue. *Id.* at 5. That conclusion is not alleged in the Third Amended Complaint. It is an inference Defendants ask this Court to draw in their favor.

The Third Amended Complaint alleges that Defendant Pethel occupied an administrative role within the MAT-ESOL program and communicated with Plaintiff concerning field placement matters. Defs.' Reply Supp. Mot. J. Pleadings 4–5 (Doc. 40) (summarizing allegations contained in the Third Amended Complaint). Those allegations do not establish, as a matter of law, that Plaintiff knew Defendant Pethel personally participated in the constitutional violations alleged in this action or that Plaintiff then possessed a complete and present cause of action against Defendant Pethel. See *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (holding that a federal cause of action accrues only when the plaintiff has a complete and present cause of action); *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996) (holding that accrual generally occurs when the plaintiff knows or has reason to know of the injury and who inflicted it).

Rather than identify admissions appearing on the face of the Third Amended Complaint, Defendants repeatedly invite the Court to infer what Plaintiff knew from Defendant Pethel's administrative position, institutional responsibilities, and pre-dismissal communications. Defs.' Reply Supp. Mot. J. Pleadings 4–7 (Doc. 40). Defendants argue that because Defendant Pethel exercised authority over field placements, Plaintiff "should have known" Defendant Pethel participated in the challenged conduct. *Id.* at 5. That assertion is not a factual allegation

contained in the Complaint. It is a disputed factual inference concerning Plaintiff's knowledge and the significance of Defendant Pethel's role within the University.

Rule 12(c) does not permit the Court to resolve those factual inferences against the nonmoving party. The Supreme Court has instructed that courts must accept well-pleaded factual allegations as true at the pleading stage. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The Eleventh Circuit likewise requires courts deciding Rule 12(c) motions to construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022). Defendants' argument depends upon drawing the opposite inference—that Plaintiff's awareness of Defendant Pethel's administrative responsibilities necessarily established Plaintiff's knowledge of Defendant Pethel's alleged constitutional misconduct. Rule 12(c) prohibits the Court from resolving that factual question in Defendants' favor.

Defendants' reliance upon documents attached to Plaintiff's response further confirms that their statute-of-limitations defense cannot be resolved on the pleadings. Defendants first argue that Plaintiff's response and supporting exhibits "should not be considered" because they are outside the pleadings. Defs.' Reply Supp. Mot. J. Pleadings 3 (Doc. 40). They then devote the remainder of their Reply to relying upon those same materials—including Plaintiff's administrative complaints, the Field Experience Handbook, and Plaintiff's correspondence—to establish what Plaintiff knew, when Plaintiff knew it, and what Plaintiff reasonably should have inferred regarding Defendant Pethel's involvement. *Id.* at 5–7. Those arguments necessarily depend upon evidence outside the pleadings and disputed factual inferences. Defendants cannot

10

simultaneously argue that the exhibits fall outside the pleadings while relying upon those same exhibits to establish an affirmative statute-of-limitations defense as a matter of law.

Finally, Defendants repeatedly argue that Plaintiff "should have known" Defendant Pethel's role because of her prior interactions with the field-placement process and her familiarity with University policies. Defs.' Reply Supp. Mot. J. Pleadings 5–7 (Doc. 40). Whether Plaintiff reasonably should have drawn those conclusions is itself a question of fact. It is not an admission contained in the Third Amended Complaint. Because Defendants' statute-of-limitations defense depends upon disputed factual inferences rather than facts conclusively established by the pleadings, judgment on the pleadings is unavailable. *Jones v. Bock*, 549 U.S. 199, 215 (2007) (holding that plaintiffs ordinarily need not anticipate or negate affirmative defenses); *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (holding that dismissal on statute-of-limitations grounds is appropriate only when the defense is apparent from the face of the complaint); *Isaiah v. JPMorgan Chase Bank, N.A.*, 960 F.3d 1296, 1304 (11th Cir. 2020) (holding that affirmative defenses generally cannot support dismissal unless their applicability is apparent from the face of the complaint).

Defendants repeatedly argue that Plaintiff "should have known" Defendant Pethel's role because she communicated with Defendant Pethel before the dismissal and understood Defendant Pethel's administrative responsibilities. Defs.' Reply Supp. Mot. J. Pleadings 4–7 (Doc. 40). Those assertions underscore why dismissal is improper. Whether Plaintiff reasonably should have inferred Defendant Pethel's alleged personal participation in the constitutional violations from Defendant Pethel's position, authority, or communications presents a factual question. The repeated use of phrases such as "should have known" and "would have been

involved" confirms that Defendants' statute-of-limitations defense depends upon disputed factual inferences rather than admissions appearing on the face of the Third Amended Complaint.

**E. Alternatively, If the Court Concludes Plaintiff's Claims Accrued in November 2023, Defendants Have Not Demonstrated That Rule 15(c) Forecloses Plaintiff's Claims.**

Even assuming, arguendo, that the Court concludes Plaintiff's claims against Defendants Tinker-Sachs and Pethel accrued in November 2023, dismissal still is not warranted because Defendants have not demonstrated that Rule 15(c) forecloses Plaintiff's claims. Defendants' Motion and Reply proceed from the premise that because Defendants Tinker-Sachs and Pethel were not named in the original Complaint, Plaintiff's claims are necessarily barred by the statute of limitations. See Defs.' Mot. J. Pleadings, Doc. 34; Defs.' Reply at 3–8, Doc. 40 (arguing Plaintiff first named Defendants Tinker-Sachs and Pethel on December 1, 2025, more than two years after November 2023). That premise overlooks the governing inquiry under Federal Rule of Civil Procedure 15(c), which determines whether an amended pleading adding or changing parties relates back to the filing of the original complaint.

Rule 15(c)(1)(C) permits relation back where the amendment asserts claims arising from the conduct, transaction, or occurrence set forth in the original pleading and, within the Rule 4(m) period, the party to be added received notice of the action sufficient to avoid prejudice and knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(B), (C). The Supreme Court has explained that the Rule 15(c) inquiry focuses principally on what the newly added defendant knew or should have known during the Rule 4(m) period, rather than upon the plaintiff's knowledge alone. *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548–50 (2010).

12

Defendants do not dispute — and could not dispute — that Plaintiff's claims against Defendants Tinker-Sachs and Pethel arise from the same conduct, transaction, or occurrence alleged from the outset of this litigation. Plaintiff's claims have consistently arisen from the same underlying events: her removal from the MAT-ESOL field placement, the ensuing dismissal from the MAT-ESOL program, and the constitutional and statutory violations allegedly committed in connection with those events. Indeed, Defendants' own limitations argument necessarily assumes the amended claims arise from the same occurrence because it challenges only the timing of Plaintiff's accrual and the date on which Defendants Tinker-Sachs and Pethel were first named.

Nor do Defendants establish that the remaining requirements of Rule 15(c) cannot be satisfied. Their Motion and Reply contain no meaningful analysis of Rule 15(c)'s notice requirement, whether either Defendant would be prejudiced in defending on the merits, or whether either Defendant knew or should have known that this action would have been brought against them but for a mistake concerning the proper parties. Instead, Defendants simply conclude that because Plaintiff first named Defendants Tinker-Sachs and Pethel after filing her original Complaint, Rule 15(c) is unavailable. See Defs.' Reply Supp. Mot. J. Pleadings 4, 7–8, ECF No. 40. That is not the inquiry prescribed by Rule 15(c) or *Krupski*. See *Krupski*, 560 U.S. at 548–50.

The procedural history further illustrates why judgment on the pleadings is unwarranted. Plaintiff first identified Defendants Tinker-Sachs and Pethel in her First Amended Complaint, filed on December 1, 2025. First Am. Compl., Doc. 9. Defendants nevertheless offer no explanation why these undisputed procedural facts foreclose relation back under Rule 15(c) as a matter of law. Rather, they continue to rely exclusively upon the proposition that Plaintiff first

13

named these Defendants after filing the original Complaint. Defs.' Reply Supp. Mot. J. Pleadings at 4, 7–8, Doc. 40.

That showing is insufficient to support judgment on the pleadings. A statute-of-limitations defense warrants dismissal under Rule 12(c) only where the complaint affirmatively establishes the defense on its face. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845–46 (11th Cir. 2004). La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845–46 (11th Cir. 2004) (explaining that an affirmative defense may support dismissal only when the complaint affirmatively and clearly establishes the defense on its face). Because Rule 15(c) governs whether Plaintiff's claims against Defendants Tinker-Sachs and Pethel relate back to the filing of the original Complaint, and because Defendants have neither identified allegations on the face of the Third Amended Complaint establishing their accrual theory nor demonstrated that Rule 15(c) cannot apply, they have failed to establish their affirmative statute-of-limitations defense as a matter of law. See *Jones v. Bock*, 549 U.S. 199, 215 (2007); *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845–46 (11th Cir. 2004). Accordingly, even if the Court concludes Plaintiff's claims accrued in November 2023, judgment on the pleadings remains inappropriate.

**Conclusion**

Defendants ask the Court to resolve disputed questions concerning Plaintiff's knowledge, the accrual of her claims, and the significance of the allegations contained in the Third Amended Complaint by drawing factual inferences in Defendants' favor. Rule 12(c) does not permit that result. Because Defendants have failed to establish from the face of the Third Amended Complaint that Plaintiff's claims are barred by the applicable statute of limitations, their Motion

for Judgment on the Pleadings should be denied. Alternatively, to the extent the Court reaches

Rule 15(c), Defendants likewise have failed to establish that the Third Amended Complaint does

not relate back as a matter of law. Accordingly, Plaintiff respectfully requests that the Court deny

Defendants Tinker-Sachs and Pethel's Motion for Judgment on the Pleadings in its entirety and

grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
Janice Ramirez
6018 Sanibel Drive
Augusta, GA 30909
706-414-7885
Email: Ramirez.janice.0608@gmail.com
Pro Se

United States District Court Southern District of Georgia

Janice Ramirez, Plaintiff,

v.

Gertrude Tinker Sachs, et al.

Defendant

Case No.: 1:25-cv-00261

## CERTIFICATE OF SERVICE

I hereby certify that on this 22 day of July, 2026, I served a true and correct copy of the

foregoing Response upon counsel for Defendants by U.S. Mail.

Respectfully submitted,

Janice Ramirez

Plaintiff, Pro Se